UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA JOSEPH JAMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5216** |
| **S. BECHET, ET AL.** | **SECTION: "D"(3)** |

## REPORT AND RECOMMENDATION

The Defendants, Sergeant S. Bechet and Lieutenant Michael Lewis, moved to dismiss under Rule 12(B)(6).[1] The Plaintiff, Joshua Joseph James, was ordered to respond to the motion, but he did not do so.[2] As explained below, it is recommended that the Defendants' motion be denied.

### I.   Background

Mr. James is a state pretrial detainee housed at the Orleans Justice Center. He filed this federal civil action *in forma pauperis* under 42 U.S.C. § 1983. He alleges that the Defendants violated his Eighth Amendment rights:

> (1) Sgt. (Sergeant) S. Bechet on 8/24/23 at approximately 8:00-9:30 p.m. on Pod 3-D which is 3 Delta, I was deprived on my 8th Amendment. I request to be removed from the environment because I realized I was not safe. I informed Sgt. S. Bechet of this. He denied me safety. Minutes later or maybe an hour I was assaulted. I suffered from lacerations (punctured wounds) from another inmate to the head & other body parts.

---

[1] Rec. Doc. 19.
[2] Rec. Doc. 21.

(2) Lt. (Lieutenant) Michael Lewis also deprived me of my 8th Amendment "right to protection from violence" because I told him that moving me from 1 tier to another tier where I could possibly be harmed at that I could be at risk & I also told him to turn on his body camera so this could be documented. He responds to me by saying "my camera is dead" as I know of he is not suppose to patrol the compound with a dead camera. This occurred on 8/24/23 at approximately 4:30-5:30 p.m.[3]

Defendants request dismissal based on the allegation that plaintiff failed to exhaust his administrative remedies before filing this lawsuit.

## II.    Standard of Law

### A.    Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal is appropriate when a plaintiff has not pleaded enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A defendant may use a Rule 12(b)(6) motion to assert affirmative defenses, including non-exhaustion. Dismissal on that basis, however, is appropriate only if the defense is evident on the face of the complaint. *See Hamilton v. Promise*

---

[3] Rec. Doc. 1 at 4-5.

*Healthcare*, No. 23-30190, 2023 WL 6635076, at *3 (5th Cir. Oct. 12, 2023). The party asserting an affirmative defense bears the burden to show that it applies. *See id.*

### B. The PLRA's Exhaustion Requirement

"In an effort to address the large number of prisoner complaints filed in federal court, Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*" *Jones v. Bock*, 549 U.S. 199, 202, (2007). The PLRA requires that a plaintiff complaining about prison conditions exhaust administrative grievance remedies before suing. *See id.* (citing 42 U.S.C. § 1997e(a)). Failure to exhaust, however, is an affirmative defense under the PLRA. *Id.* at 216. Accordingly, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.*

## III. Analysis

Defendants argue that Plaintiff failed to exhaust administrative remedies before filing his complaint. This allegation may be true. But the only cited factual support is Plaintiff's response[4] to questions in the complaint form. Defendants' exclusive reliance on that information is fatal to their motion.

In many jurisdictions, including this one, courts provide a form for inmate complaints alleging violations of 28 U.S.C. § 1983. Often, the forms ask whether the

---

[4] Mr. James answered a form question about whether he had exhausted his administrative remedies by stating: "maybe," and "I say maybe because I probably have or have not because I don't fully know the procedural steps, but I filed a grievance for 1983 form which is this." Rec. Doc. 1 at 3.

inmate has exhausted his administrative remedies. In *Jones v. Bock,* 549 U.S. 199 (2007), however, the U.S. Supreme Court held that courts cannot use procedural rules that require a prisoner to allege facts demonstrating exhaustion to justify dismissal for failure to state a claim. 549 U.S. at 216-17.[5]

Consistent with *Jones*, the Fifth Circuit has repeatedly held that an inmate's response to questions from the court, whether through a complaint form or *Spears* hearing, cannot justify dismissal for failure to state a claim based on non-exhaustion.[6]

---

[5] The Court concluded that, while it may seem "more effective" to require a prisoners to address exhaustion in their complaints, courts lack the authority to impose that requirement and use it to justify dismissal. *See Jones,* 549 at 216 ("The argument that screening would be more effective if exhaustion had to be shown in the complaint proves too much; the same could be said with respect to any affirmative defense."); *id.* at 224 ("We are not insensitive to the challenges faced by the lower federal courts in managing their dockets and attempting to separate, when it comes to prisoner suits, not so much wheat from chaff as needles from haystacks. [But] adopting different and more onerous pleading rules to deal with particular categories of cases should be done through established rulemaking procedures, and not on a case-by-case basis by the courts.").

[6] *See, e.g.*, *Coleman v. Sweetin*, 745 F.3d 756, 763-64 (5th Cir. 2014) (reversing a district court's sua sponte dismissal that relied on grievances attached to the complaint and testimony from the *Spears* hearing); *Perkins v. Collins*, 482 F. App'x 959, 960 (5th Cir. 2012) (reversing a district court's sua sponte dismissal that relied on form questions and observing that questions on such "a form complaint effectively put the onus on [a prisoner] to affirmatively plead and demonstrate exhaustion, contrary" to prior precedent); *McDonald v. Cain*, 426 F. App'x 332, 333 (5th Cir. 2011) ("The prohibition against requiring prisoners to affirmatively plead exhaustion has been further interpreted by this court to encompass questions in 'form complaint[s]' issued by district courts that are designed to elicit 'information about [a prisoner's] exhaustion of administrative remedies.'") (quotation omitted); *Chamberlain v. Chandler*, 344 F. App'x 911, 913 (5th Cir. 2009) (observing that "it is error for a district court to use screening procedures, such as a *Spears* hearing, to resolve the question of exhaustion before a responsive pleading is filed" and reversing a sua sponte dismissal); *Torns v. Mississippi Dep't of Corr.*, 301 F. App'x 386, 389 (5th Cir. 2008) (holding that a district court errs if its dismissal for failure to state a claim is

Most recently, in *Khalil v. Dep't of Corr.*, No. 23-30026, 2023 WL 4401116, at *1 (5th Cir. July 7, 2023) (per curiam), the Fifth Circuit reversed a district court dismissal that relied on an inmate's "responses to the form complaint's questions to determine that his claims were unexhausted." The Fifth Circuit emphasized that its prior precedent "prohibit[ed] using form complaints to elicit exhaustion information from prisoners." *See id.* (citing cases).

Most of the jurisprudence on this topic addresses sua sponte dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii), which applies to *in forma pauperis* cases, and 28 U.S.C. §1915A(b)(1), which applies to prisoner lawsuits. But dismissals for failure to state a claim under those statutes and dismissals under Rule 12(b)(6) are subject to the "same standard." *See Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021); *Francois v. Par.,* No. 14-337, 2015 WL 711815, at *8 (E.D. La. Feb. 13, 2015) ("When determining whether an *in forma pauperis* complaint should be dismissed for failure to state a claim, this Court applies the same standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)").[7] In short, "it is error to dismiss a prisoner's complaint for want of exhaustion before a responsive pleading

---

based on a complaint form that prompts a prisoner for information about his exhaustion of administrative remedies).

[7] *See also Jones*, 549 U.S. at 214 (reciting the Rule 12(b)(6) standard when assessing a dismissal under § 1915(e)(2) for failure to exhaust administrative remedies); *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011) (citing *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662 when assessing dismissal under § 1915(e)(2)(B)(ii)).

is filed unless the failure to exhaust is clear from the face of the complaint." *See Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014).[8]

Defendants' only factual support for their non-exhaustion argument is the Plaintiff's response to the exhaustion questions in the complaint form. Fifth Circuit precedent prohibits reliance on that information at this stage. The motion should be denied because Defendants have not met their burden. *See Hamilton*, No. 23-30190, 2023 WL 6635076, at *3.

## **RECOMMENDATION**

It is therefore RECOMMENDED that the motion to dismiss under Rule 12(b)(6) filed by Sergeant S. Bechet and Lieutenant Michael Lewis (Rec. Doc. 19), be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §

---

[8] A motion to dismiss under Rule 12(b)(6) is not a responsive pleading. *See, e.g.*, *Nix v. Major League Baseball*, 62 F.4th 920, 928 n.6 (5th Cir. 2023) ("Responsive pleadings include answers to complaints but not motions to dismiss.") (citing Fed. R. Civ. P. 7(a)(2)).

636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 26th day of April, 2024.

*[signature]*
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**