UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOSHUA JOSEPH JAMES,**                            **CIVIL ACTION**
**#2516038**

**VERSUS**                                                 **NO. 23-5216-EJD**

**S. BECHET, ET AL.**

### ORDER AND REASONS

Before the Court, on consent of the parties under the authority of 28 U.S.C. § 636(c), is a Motion for Summary Judgment filed by defendants S. Bechet and Michael Lewis.[1] Plaintiff Joshua Joseph James did not file a response despite being ordered to do so.[2] Having considered the memorandum, the record, and the applicable law, defendants' motion for summary judgment is granted.

**I.    Background**

James, a state pretrial detainee at the Orleans Justice Center, filed this *pro se* and *in forma pauperis* civil action under 42 U.S.C. § 1983. James alleges that on August 24, 2023, around 4:30 p.m., he advised Lieutenant Michael Lewis that James's tier placement endangered him.[3] He further alleges that a few hours later, he requested that Sergeant S. Bechet change his location because of safety concerns.[4]

---

[1] R. Doc. 40.
[2] *See* R. Doc. 38 at 6; R. Doc. 42. On April 9, 2025, a representative of the Orleans Justice Center advised that plaintiff was released from custody.
[3] R. Doc. 1 at 3–6.
[4] *Id.*

James alleges that both statements were ignored and that he was assaulted by another inmate later that same evening.[5] James seeks monetary compensation.[6]

## II. Standard of Law

Summary judgment is appropriate if a movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" when its resolution might affect the case's outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *S. Ins. Co. v. Affiliated FM Ins. Co.*, 830 F.3d 337, 343 (5th Cir. 2016) (quoting *Anderson*, 477 U.S. at 248). Courts resolve factual controversies in favor of the nonmoving party. An actual controversy, however, exists only "when both parties have submitted evidence of contradictory facts." *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023) (quotation omitted). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

## III. Analysis

Defendants seek summary judgment because James failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).[7]

---

[5] *Id.*
[6] *Id.* at 6.
[7] R. Doc. 40-2 at 3–6.

The Prison Litigation Reform Act of 1995, as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate lawsuits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Clifford v. Gibbs*, 298 F.3d 328, 329 (5th Cir. 2002)(citing *Porter v. Nussle*, 534 U.S. 516 (2002)). This includes "failure to protect" claims like those here. *Id.* at 330 ("*Porter* squarely precludes [a] contention that [a] failure-to-protect claim is outside § 1997e(a)'s scope."). Administrative remedies are not exhausted unless a prisoner pursued his grievance through the conclusion of all steps of the administrative remedy procedure. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (affirming dismissal of case where prisoner failed to "pursue the grievance remedy to conclusion.").

The purposes of the exhaustion requirement are to "give an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court" and to promote economical and efficient claims resolution. *Bisby v. Garza*, 342 F. App'x 969, 971 (5th Cir. 2009) (citing *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). Thus, a grievance exhausts only claims reasonably within its scope. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004) (concluding that a grievance must provide administrators with a "fair opportunity under the circumstances to address the problem that will later form the basis of the suit").

In support of their motion for summary judgment, defendants submitted an affidavit from a grievance coordinator for the Orleans Parish Sheriff's Office. The affidavit explains:

1. On 8/9/23 Mr. James requested to be moved due to his cellmate's unsanitary living conditions. He requested to be moved into the cell 8 to be by himself. In response to his request, Mr. James was informed that the requested cell 8 was, in fact, not empty at the time and he was asked if he stilled placed there. Mr. James did not provide a follow-up response.

2. On 8/29/23, Mr. James requested to be moved to 2-Delta housing unit for the claimed purpose of attending school. A response was issued to Mr. James stating that he had previously refused the requested transfer several times, and Mr. James was further informed that the 2- Delta Unit would not be a good fit for him at that time. Mr. James did not respond or request to be moved anywhere else.

3. Upon review of the grievance record attached, no grievance was ever made by Mr. James for the incident that allegedly occurred on 8/24/23. Instead, Mr. James requested a 1983 form on 8/29/23 merely stating that a serious matter had taken place and needed to be addressed. In response to the same, inmate legal services provided Mr. James with the 1983 packet as requested.[8]

The affidavit is accompanied by copies of the grievances James submitted.[9]

The uncontroverted evidence demonstrates that James filed numerous grievances, but none mentions the alleged facts underlying the August 24, 2023 attack.[10] And while one of the grievances seeks a § 1983 complaint form related to the August 24, 2023 incident, *see* R. Doc. 40-3 at 18–19, that grievance only refers to an unspecified serious incident. As such, it does not include sufficient information to

---

[8] R. Doc. 40-3 at 1–2.
[9] *Id.* at 3–19.
[10] *See id.*

4

provide defendants a fair opportunity to address the underlying incident. *See Johnson*, 385 F.3d at 517. Thus, James's lawsuit must be dismissed for failure to exhaust his administrative remedies.

### IV.  Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment, R. Doc. 40, is **GRANTED** and that plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust under 42 U.S.C. § 1997e, but **WITH PREJUDICE for** purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.[11]

**IT IS FURTHER ORDERED** that the trial in this case scheduled for May 12, 2025, is **CANCELLED**.

New Orleans, Louisiana, this 15th day of April, 2025.

_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] If an inmate files in federal court an *in forma pauperis* complaint including claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998); *Johnson v. Gusman*, No. 16-6639, 2017 WL 951954, at *3 n.8 (E.D. La. Mar. 10, 2017).